■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NELSON McNEIL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered May 25, 1983, convicting him of burglary in the first degree (two counts) and robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

In view of the period of time during which the witnesses viewed defendant at close range in adequate lighting, there is no merit to defendant's claim that the witnesses' identifica-

tions of him as one of the perpetrators were unreliable *(see, People v Graham,* 67 AD2d 172; *People v Dickerson,* 67 AD2d 122, *affd* 50 NY2d 937).

We have reviewed defendant's *pro se* claims and find them to be without merit. The statements made by defendant in which he admitted participating in the robberies and burglary in question were suppressed by the hearing court and were not admitted into evidence at trial. Consequently, the claim of error in the pretrial procedures which led to the taking of defendant's statements is irrelevant. Moreover, defendant was not deprived of his right to counsel when he was compelled to stand in a lineup without his attorney being present *(see, People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Robertson,* 109 AD2d 806).

Finally, the substitution of assigned counsel during the suppression hearing did not violate defendant's constitutional rights. Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.